Day, J.
The case comes before us upon demurrer to the petition by one of the defendants, Emanuel O. Craighead, the other defendants being in default. Five grounds of demurrer are alleged, but they are all included in two: 1. The petition does not state facts sufficient to constitute .a cause of action; 2. It does not show that any cause of action accrued within four years next before the commencement of the action.
The plaintiffs claim under the will. Their right is questioned on the ground that the widow took, under the will, an absolute right to the personal property and a fee-simple in the real estate of the testator. This presents the principal question raised by the demurrer : Does the will make the widow the absolute owner of the property ? We think not. Such a construction contravenes the manifest intention of the testator. If he so intended,- lie might easily have given her an unlimited estate, subject only to the payment of specific legacies; but, instead of that, by the third item, he gives her all his property, “ to be held by her during her natural life, provided she lives a widow.” *207 This clause, at most, gives her only a life estate in the property, which is to be “managed and disposed of” by her as directed in the succeeding clauses of the will. After directing to whom certain specific legacies shall be paid, in the seventh item of the will the testator more specifically defines how his widow shall “ manage” and “dispose” of his estate. She is to have the “ whole and sole control and management” of it. She is also empowered to “sell and dispose” of it “as she may think best for herself and heirs,” and arrange for the payment of the legacies as she may deem most advantageous. That the testator only intended by this item to confer upon his wife the sole management of his estate, and the poioer to dispose of it for her benefit and that of the heirs, and not to enlarge the life estate expressly given her to an estate in fee, is manifest from the fact that, in the next item, he disposes of what may remain of his estate, at the death of his wife, after paying his debts, legacies, and her debts.- Upon this view only can all parts of the will be harmonized ; and it is fully sustained by the holding in the case of Baxter v. Bowyer, 19 Ohio St. 490. In Surman v. Surman, 5 Maddock, 123, under provisions of a will similar to this, it was held that the remainder, after the termination of the life estate, was well limited over. And to the same effect is Upwell v. Halsey, 1 Peere Williams, 651.
Does the petition show that anything was left of the estate of the testator, at the death of the widow, to be divided, as directed by the will, among his children?
It is averred that Emanuel O. Craighead procured of the widow a conveyance of the real estate left by the testator, and, as a part consideration therefor, gave his promissory note for $3,000. It is also alleged that he afterward wrongfully obtained possession of the note, without payment, and denies all indebtedness on account thereof. If he is still justly indebted to the estate in the amount of this note, as it would seem that he is from the averments of the petition, there is. at least so much left of the estate of the testator to be divided under the will. The petition, then, does, to that *208 extent at least, show a good cause of action against him. 33ut upon the averments in the petition, in relation to> the wrongful procurement of other notes and property belonging to the estate by the demurrant and two of the-defendants, for the purpose of defrauding the other children of the testator out of their just rights under the will, a further question is fairly raised by the demurrer, as to the-extent and proper limits of the power conferred upon the widow by the seventh item of the will.
It is claimed that the widow held the estate in trust for the benefit of all the children of the testator, and that therefore the transactions complained of are unwarranted, and that the parties who participated therein and profited thereby, having knowledge of the trust, must account.
Whether the widow be regarded strictly as a trustee or not, so far as yet disclosed in the case, is of little moment;, for the rights of innocent parties derived from the widow are not questioned, nor does it appear that she left an estate that could be subjected to any liability that might be-established against her as trustee. The will gave to her the testator’s estate for life, or widowhood, coupled with certain specified powers, with a limitation over of the remainder to the children of the testator. The material-point, then, is the determination of the extent, or proper-limits of these powers conferred by the will.
It is evident the testator intended to confer upon his wife ample power to obtain a support from his estate, and had such confidence in her that he was willing to empower her to manage, sell and dispose of his 'estate in any manner that, in her judgment, would promote her own welfare, and best subserve the interests of the estate.
Within the limits of the powers thus conferred, her discretion is conclusive. But is the power of sale and disposition itself unlimited ? Clearly not; for neither expressly nor by necessary implication does the testator confer upon his wife a power of disposition by will, and any possible implication to that effect is repelled by the disposition *209 he has made himself of all his estate that may be left at the death of his wife.
Again, while he leaves it to her judgment to determine what disposition of his estate will be best for herself and the “heirs,” he does not authorize a disposition of the property among the “heirs” tor the mere purpose of discriminating-between them, and of defeating the manifest intent of the testator, to have all his children share alike in his estate. She may determine what disposition of the property will be “ best ” for them all alike; that is, she may dispose of the property, as held in Baxter v. Bowyer, supra, for her own benefit and that of the estate. Indeed, in the use of the word “ heirs ” in this connection, the testator seems to-have had in his mind the idea of an inheritance or estate to be left after the death of his wife, rather than that of the persons thereby designated; for, in the next item, he designates those to whom he gives the remainder óf his estate as his “ children.”
This construction gives full effect to the language of the-will giving to the wife the authority to dispose of the-estate, and harmonizes with the intention of the testator, clearly evinced throughout the will, that equality should be observed in the distribution of his property among his children. The contrary construction conflicts with the pervading spirit of the will, and the plain implication of the-eighth item of the will, that the estate, not required to pay debts, legacies, and the maintenance of the widow with the debts she might leave, should be equally divided among the children of the testator “share and share alike.”
Here we leave this branch of the case, with the construction we have given to the will to be applied to the facts as they shall be developed in the further progress of the case.
As to the remaining ground of demurrer, it is only necessary to say, that the mere failure of a petition to show that the action accrued within the period limited by statute, is not a good ground of demurrer. The statute of limitations becomes available on demurrer only when the peti *210 tion shows affirmatively that the statutory period had elapsed before the action was commenced. When this does snot appear, the statute must be plead.
Other questions are discussed in argument, but they are not raised by the demurrer, and may be of no practical importance in the further progress of the case.
It follows that the demurrer must be overruled; and, to enable the parties to take such further action as they may be entitled to, the case will be remanded for further proceedings.
White, C. J., and McIlvaine and Stone, JJ., concurred.